**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50055 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00489-GAF-1 |
| v. | |
| ROBERTO O. HERNANDEZ GUILLEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted February 3, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and TUNHEIM, District Judge.[**]

Defendant-Appellant Carlos Javier Amaral Vasquez ("Defendant"), whose real name is Roberto Ovidio Hernandez-Guillen, appeals his 78-month sentence, arguing that the district court erred in adjusting his sentence upward two levels for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

obstruction of justice pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3C1.1. We have jurisdiction under 28 U.S.C. § 1291. After reviewing the district court's factual determinations under Section 3C1.1 for clear error and the district court's "characterization of a defendant's conduct as obstruction of justice within the meaning of Section 3C1.1" de novo, *United States v. Cordova Barajas*, 360 F.3d 1037, 1043 (9th Cir. 2004) (alteration and citation omitted), we affirm.

Defendant argues that the enhancement for obstruction of justice was inappropriate because the misrepresentation as to his identity was made solely by his counsel at trial. But the record supported the conclusion that Defendant "consciously act[ed] with the purpose of obstructing justice," *United States v. Draper*, 996 F.2d 982, 984 (9th Cir. 1993) (emphasis and citation omitted), and "helped bring about or cause," *United States v. Reyes*, 577 F.3d 1069, 1082 (9th Cir. 2009), the misrepresentation. Defendant affirmatively misstated his own identity in several court appearances. Although the district court did not rely specifically on these misstatements in imposing the enhancement, it found that Defendant was aware of his false identity and had previously used it for gain. Because the record contained sufficient evidence of Defendant's involvement in procuring and using the false identity, it was not clear error for the district court to conclude that Defendant plainly caused or induced his counsel's

2

misrepresentations regarding Defendant's identity at trial. Based on this factual determination, Defendant's conduct is properly characterized as an obstruction of justice under U.S.S.G. § 3C1.1.

Defendant also argues that application of the enhancement violated his Fifth Amendment right against self-incrimination because the district court based the enhancement on its finding that Defendant had "either induced the making of [the misrepresentations] or stood silently by while they were done during the course of this trial." Because we conclude that the record was sufficient to support application of the enhancement based on Defendant's inducement of counsel, we need not decide whether the enhancement would have been permissible under the Fifth Amendment if premised solely on Defendant's action in standing silently by. *See United States v. Nichols*, 464 F.3d 1117, 1122 (9th Cir. 2006) (explaining that with respect to sentencing enhancements "we may affirm on any ground supported by the record, even if it differs from the rationale of the district court" (quoting *Moran v. McDaniel*, 80 F.3d 1261,1268 (9th Cir. 1996))).

**AFFIRMED**.